UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

LAURIE E.,

              Plaintiff,

    v.

COMMISSIONER OF SOCIAL SECURITY,

              Defendant.

Case No. C19-1514-MLP

ORDER

## I.    INTRODUCTION

Plaintiff seeks review of the partial denial of her applications for Supplemental Security Income and Disability Insurance Benefits. Plaintiff contends the administrative law judge ("ALJ") erred in assessing the medical opinion evidence and in overlooking Plaintiff's written declaration. (Dkt. # 13 at 2.) Plaintiff also raises a constitutional challenge to the ALJ's authority to resolve her case after a prior court remand. (*Id*.) As discussed below, the Court AFFIRMS the Commissioner's final decision and DISMISSES the case with prejudice.

## II.    BACKGROUND

Plaintiff was born in 1962, has a GED and additional secretarial/technical training, and has worked as a marketing coordinator and temporary administrative worker at Boeing. AR at 252, 264. Plaintiff was last gainfully employed in 2012. *Id*. at 252.

ORDER - 1

In November 2013, Plaintiff applied for benefits, alleging disability as of June 4, 2012. AR at 217-29. Plaintiff's applications were denied initially and on reconsideration, and Plaintiff requested a hearing. *Id*. at 147-54, 156-68. After the ALJ conducted a hearing on July 23, 2015 (*id*. at 37-79), the ALJ issued a decision finding Plaintiff not disabled. *Id*. at 20-35.

The Appeals Council denied review (AR at 1-4), but the U.S. District Court for the Western District of Washington reversed and remanded the ALJ's decision for further proceedings. *Id*. at 637-53. On remand, the same ALJ held a hearing (*id*. at 574-612) and subsequently found that Plaintiff was not disabled before February 7, 2017, but became disabled on that date. (*Id*. at 544-66.) Plaintiff now requests judicial review of that decision. (Dkt. # 7.)

### III. LEGAL STANDARDS

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). As a general principle, an ALJ's error may be deemed harmless where it is "inconsequential to the ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (cited sources omitted). The Court looks to "the record as a whole to determine whether the error alters the outcome of the case." *Id*.

"Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may

neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

## IV. DISCUSSION

### A. Plaintiff has Not Established an Appointments Clause Violation Requiring Remand

As noted above, ALJ Larry Kennedy issued his first decision on Plaintiff's applications in February 2016, and that decision was subsequently remanded by the U.S. District Court for the Western District of Washington in February 2018. At the time the ALJ issued his first decision, he had arguably not been appointed under Article II, Section 2, Clause 2 of the United States Constitution ("the Appointments Clause"), which requires that inferior officers be appointed by the president, a court of law, or a head of a department. The Commissioner ratified the appointments of Social Security ALJs in July 2018, in response to *Lucia v. S.E.C.*, __ U.S. ___, 138 S.Ct. 2044 (2018), which was decided in June 2018 and held that Securities and Exchange Commission ALJs are subject to the Appointments Clause. *See* Social Security Ruling ("SSR") 19-1p, 2019 WL 1324866, at *2 (Mar. 15, 2019). Thus, by the time ALJ Kennedy held a remand hearing on Plaintiff's case in April 2019 and issued a decision in May 2019, he had been properly appointed.

Plaintiff argues that under *Lucia*, her case should have been remanded to a different ALJ, rather than returning it to the same ALJ who had decided it the first time, before he was properly appointed. Indeed, *Lucia* holds that in that case, where the Court found that an ALJ had not been appointed in accordance with the Appointments Clause, the appropriate remedy was a remand assigned to a different ALJ, even if the first ALJ had been duly appointed in the interim, because

the first ALJ "cannot be expected to consider the matter (on remand) as though he had not adjudicated it before." *Lucia*, 138 S. Ct. at 2055.

This case is distinguishable from *Lucia* because the point at which Plaintiff raised her Appointments Clause challenge was at the time of the remand hearing, rather than during the first adjudication, and by that time, the ALJ had been duly appointed. The Commissioner notes that agency guidance indicates that upon a timely Appointments Clause challenge brought at he administrative level, the Appeals Council will remand the case for new decision by a different ALJ or by the Appeals Council itself. *See* SSR 19-1p, 2019 WL 1324866, at *3. According to the Commissioner, however, Plaintiff's challenge here is not timely because by the time it was raised, ALJ Kennedy had already been properly appointed. Thus, the Commissioner contends that Plaintiff forfeited an Appointments Clause challenge by not raising it during the first administrative proceeding, which took place prior to *Lucia*.

Plaintiff argues that she should be found to have forfeited an Appointments Clause challenge because otherwise manifest injustice would result. (Dkt. # 15 at 6.) As support for her argument that she should not be required to have exhausted this issue below, Plaintiff cites *Cirko o/b/o Cirko v. Comm'r of Social Sec.*, 948 F.3d 148 (3d Cir. 2020). Indeed, *Cirko* holds that a Social Security claimant need not have raised a challenge to an ALJ's appointment at the administrative level in order to raise it in a federal court proceeding challenging the ALJ's decision. 948 F.3d at 153.

But that is not the issue presented in this case: Plaintiff did raise an Appointments Clause challenge during the second adjudication of her claim (which is the decision under appeal here), by which time the ALJ had been duly appointed. Neither Plaintiff nor the Commissioner cites any case in the same posture as this case: where the purported Appointments Clause deficiency

occurred in a prior adjudication leading to a decision that has already been reversed on non-Appointments Clause grounds and remanded for a new adjudication. The procedural posture here is significant because, as noted by the Commissioner, the decision arguably tainted by the ALJ's deficient appointment has already been reversed, remanded, and vacated. In *Lucia, Cirko*, and all of the other cases cited by the parties and of which the Court is aware that apply *Lucia* in the Social Security context, the decision under the court's consideration is a decision written by an ALJ that arguably lacked a proper appointment at the time the decision was entered.[1] *See, e.g.*, *Montijo v. Comm'r of Social Sec. Admin.*, 2020 WL 813771, at *5 (D. Ariz. Feb. 19, 2020); *Samuels v. Comm'r of Social Sec.*, 2019 WL 4479534, at *3-5 (N.D. Cal. Sep. 18, 2019); *Delores A. v. Berryhill*, 2019 WL 1330314, at *10 (C.D. Cal. Mar. 25, 2019). But here, the case was remanded back to the ALJ months before *Lucia* was decided, holding that violations of the Appointments Clause should be remedied by a remand to a different ALJ, and by the time the ALJ heard the case on remand he had been properly appointed. Under these circumstances, the Court finds that Plaintiff has failed to show that he raised a timely and meritorious Appointments Clause challenge to ALJ Kennedy's resolution of this case on remand.

**B.     The ALJ Did Not Err in Assessing the Medical Opinions**

Plaintiff argues that the ALJ made a number of errors in assessing the medical opinion evidence, each of which the Court will address in turn.

---

[1] There is one exception: in *Bagley v. Saul*, the ALJ was arguably not properly appointed at the time of the hearing, but had been duly appointed by the time the decision was entered. Case No. 19-2823 (E.D. Penn. filed Feb. 13, 2020). In that case, the Commissioner explicitly did not argue that the ALJ's July 2018 appointment mooted the plaintiff's Appointment Clause challenge. *Id*. Thus, the court reversed the ALJ's decision and remanded the case for consideration by a properly appointed ALJ. *Id*.
Again, *Bagley* is distinguishable from this case because ALJ Kennedy had been properly appointed at the time of the hearing *and* the decision appealed in this case. Thus, although Plaintiff directs the Court's attention to *Bagley*, that case is not on all fours with this case.

1        *1.     Regulations*

Plaintiff argues that the ALJ erred in applying the wrong set of regulations to his analysis of the medical opinion evidence. According to Plaintiff, the ALJ applied the regulations intended to apply to applications filed after March 2017, rather than the regulations application to her applications, which were filed in 2013. (Dkt. # 13 at 8.)

This argument is meritless. There is nothing in the ALJ's decision that suggests he applied the wrong set of medical regulations, Plaintiff's argument notwithstanding. Plaintiff has not met her burden to show error in the ALJ's application of the regulations.

*2.     Triet Nguyen, D.O.*

Plaintiff contends that Dr. Nguyen, one of her treating physicians, provided an uncontradicted opinion regarding the impact of Plaintiff's mental limitations. (Dkt. # 13 at 8.) This is not accurate: the opinion of examining psychologist Shawn Kenderdine, Ph.D., contradicts Dr. Nguyen's opinion, as well as the opinions of other examining providers. *See* AR at 1473-77. In light of this contradiction among the medical opinions, the ALJ was required to provide specific, legitimate reasons to discount the opinions of treating or examining providers. *See Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1996).

The ALJ discounted Dr. Nguyen's opinion, along with opinions provided by multiple examining providers, as inconsistent with Plaintiff's semi-skilled work history (which ended for non-medical reasons (AR at 376, 842)), job-search activities and social activities, and longitudinal record. *Id*. at 561-62. The ALJ also found that Dr. Nguyen and the four examining providers relied on Plaintiff's non-credible self-reporting, which undermines the providers' conclusions. *Id*. at 562. And with respect to Dr. Nguyen specifically, the ALJ found that the form opinion was inconsistent with Dr. Nguyen's treatment notes, "which consistenly document

unremarkable mental status findings during appointments, including grossly intact social and cognitive functioning[.]" *Id*. at 562. The ALJ's discussion of Dr. Nguyen's opinion in the current decision does not repeat verbatim or incorporate by reference any part of the text of the assessment of Dr. Nguyen's opinion in the prior decision. *Compare id*. at 32-33 *with id*. at 561-62.

Although Plaintiff assigns error to the ALJ's discounting of Dr. Nguyen's opinion, the Court finds that the ALJ provided multiple specific, legitimate reasons to discount Dr. Nguyen's opinion. Plaintiff's ability to perform semi-skilled work up until her job ended for non-medical reasons, along with her job searches and certifications of the ability to work after the alleged disability onset, contradict the severe limitations described by Dr. Nguyen. *See Gregory v. Bowen*, 844 F.2d 664, 666-67 (9th Cir. 1988) (holding that where a claimant was able to work with the same condition now argued to be disabling, the ALJ did not err in finding plaintiff not disabled). This alone supports the ALJ's discounting of Dr. Nguyen's opinion. Even if other aspects of the ALJ's reasoning with regard to Dr. Nguyen's opinion are erroneous (when the prior court remand order is considered (AR at 640-50)), those errors would be harmless in light of the ALJ's valid reasoning. *See Carmickle v. Comm'r of Social Sec. Admin.*, 533 F.3d 1155, 1162-63 (9th Cir. 2008).

Furthermore, to the extent that Plaintiff suggests that the ALJ was required to give more deference to Dr. Nguyen's conclusion because Dr. Nguyen is a treating physician, Plaintiff is mistaken. Controlling weight could be appropriate if Dr. Nguyen's opinion was not inconsistent with the remainder of the record (20 C.F.R. § 404.1527(d)(2)), but the ALJ explained that Dr. Nguyen's opinion was inconsistent with *inter alia* Plaitniff's work history and job-search

activities. Thus, Plaintiff has not shown that the ALJ erred in failing to give Dr. Nguyen's opinion controlling weight.

        3.      *Examining Provider Opinions: Richard Mashburn, Ph.D., and William Wilkinson, Ed.D.*

As explained *supra*, the ALJ addressed the opinions of some of the examining providers[2] together, and provided some of the same reasons to discount all of those opinions, as well as some individualized reasons. *See* AR at 560-63. Specifically, the ALJ found that the examining providers' opinions were inconsistent with (1) Plaintiff's work history and job searching activities, (2) providers' recommendations that Plaintiff engage in vocational retraining, (3) Plaintiff's travel activities requiring interaction with the public, and (4) Plaintiff's longitudinal presentation during apointments and the medical treatment notes. *Id*. at 561-62. The ALJ found that these examining providers relied on Plaintiff's self-report and reviewed scant records before forming their opinions, which undermined their conclusions in light of the unreliability of Plaintiff's reporting. *Id*. at 562.

Plaintiff argues that the ALJ erred in relying on her activities as a reason to discount the opinions because the activities cited are not inconsistent. (Dkt. # 13 at 11-12.) But on the contrary, the ALJ explained how Plaintiff's job searching activities were inconsistent with the opinions: because Plaintiff applied for jobs requiring abilities that exceed the examiners' opinions, and because Plaintiff certified to Washington state that there was no reason she could

---

[2] The ALJ also discussed in this group the opinion of non-examining provider Melanie Mitchell, Psy.D., but Dr. Mitchell's opinion consists entirely of a restatement of Dr. Wilkinson's opinion. *See* AR at 384-87. Because Dr. Mitchell's opinion is based entirely on Dr. Wilkinson's opinion, the sufficiency of the ALJ's reasoning with respect to Dr. Mitchell's opinion is tied to the sufficiency of the ALJ's reasoning with respect to Dr. Wilkinson's opinion.
      The Court also notes that one of the examining opinions addressed in this group, by Geordie Knapp, Psy.D., was written during a time when the ALJ found Plaintiff disabled. *See* AR at 1367-71. Thus, any error in discounting this opinion was moot because it did not prejudice Plaintiff, and thus the Court need not address the ALJ's assessment of Dr. Knapp's opinion.

ORDER - 8

not accept full-time work. AR at 561. The ALJ also found that Plaintiff's ability to ride a public bus from Montana to Washington and back contradicted the social limitations described by the examining providers. *Id*. The ALJ reasonably found these activities to be inconsistent with the providers' opinions, and properly discounted the opinions on that basis. *See Rollins v. Massanari*, 261 F.3d 853, 856 (9th Cir. 2001) (affirming an ALJ's rejection of a treating physician's opinion that was inconsistent with the claimant's level of activity).

The ALJ also did not err in discounting the examiners' opinions based on reliance on self-report, because their opinion reports are replete with quotations from Plaintiff's self-report and the providers had little access to outside records when forming their opinions. *See* AR at 368, 376. Thus, to the extent that the providers relied on Plaintiff's self-report, the ALJ was entitled to discount their opinions. *See Bray v. Comm'r of Social Sec. Admin.*, 554 F.3d 1219, 1228 (9th Cir. 2009) ("As the district court noted, however, the treating physician's prescribed work restrictions were based on Bray's subjective characterization of her symptoms. As the ALJ determined that Bray's description of her limitations was not entirely credible, it is reasonable to discount a physician's prescription that was based on those less than credible statements.").

Because the ALJ provided these specific, legitimate reasons to discount the examiners' opinions, the ALJ's assessment is affirmed and any error in any other lines of reasoning would be harmless.

### 4. State Agency Opinions

The ALJ gave partial weight to the State agency consultants' opinions, rejecting their opinion that Plaintiff's concentration, persistence, or pace would occasionally wane, or that her conditions would interfere with her attendance. AR at 560 (referencing *id*. at 121, 137). The ALJ found that these limitations were inconsistent with Plaintiff's "ability to work, in spite of her

not accept full-time work. AR at 561. The ALJ also found that Plaintiff's ability to ride a public bus from Montana to Washington and back contradicted the social limitations described by the examining providers. *Id*. The ALJ reasonably found these activities to be inconsistent with the providers' opinions, and properly discounted the opinions on that basis. *See Rollins v. Massanari*, 261 F.3d 853, 856 (9th Cir. 2001) (affirming an ALJ's rejection of a treating physician's opinion that was inconsistent with the claimant's level of activity).

The ALJ also did not err in discounting the examiners' opinions based on reliance on self-report, because their opinion reports are replete with quotations from Plaintiff's self-report and the providers had little access to outside records when forming their opinions. *See* AR at 368, 376. Thus, to the extent that the providers relied on Plaintiff's self-report, the ALJ was entitled to discount their opinions. *See Bray v. Comm'r of Social Sec. Admin.*, 554 F.3d 1219, 1228 (9th Cir. 2009) ("As the district court noted, however, the treating physician's prescribed work restrictions were based on Bray's subjective characterization of her symptoms. As the ALJ determined that Bray's description of her limitations was not entirely credible, it is reasonable to discount a physician's prescription that was based on those less than credible statements.").

Because the ALJ provided these specific, legitimate reasons to discount the examiners' opinions, the ALJ's assessment is affirmed and any error in any other lines of reasoning would be harmless.

### 4. State Agency Opinions

The ALJ gave partial weight to the State agency consultants' opinions, rejecting their opinion that Plaintiff's concentration, persistence, or pace would occasionally wane, or that her conditions would interfere with her attendance. AR at 560 (referencing *id*. at 121, 137). The ALJ found that these limitations were inconsistent with Plaintiff's "ability to work, in spite of her

not accept full-time work. AR at 561. The ALJ also found that Plaintiff's ability to ride a public bus from Montana to Washington and back contradicted the social limitations described by the examining providers. *Id*. The ALJ reasonably found these activities to be inconsistent with the providers' opinions, and properly discounted the opinions on that basis. *See Rollins v. Massanari*, 261 F.3d 853, 856 (9th Cir. 2001) (affirming an ALJ's rejection of a treating physician's opinion that was inconsistent with the claimant's level of activity).

The ALJ also did not err in discounting the examiners' opinions based on reliance on self-report, because their opinion reports are replete with quotations from Plaintiff's self-report and the providers had little access to outside records when forming their opinions. *See* AR at 368, 376. Thus, to the extent that the providers relied on Plaintiff's self-report, the ALJ was entitled to discount their opinions. *See Bray v. Comm'r of Social Sec. Admin.*, 554 F.3d 1219, 1228 (9th Cir. 2009) ("As the district court noted, however, the treating physician's prescribed work restrictions were based on Bray's subjective characterization of her symptoms. As the ALJ determined that Bray's description of her limitations was not entirely credible, it is reasonable to discount a physician's prescription that was based on those less than credible statements.").

Because the ALJ provided these specific, legitimate reasons to discount the examiners' opinions, the ALJ's assessment is affirmed and any error in any other lines of reasoning would be harmless.

### 4. State Agency Opinions

The ALJ gave partial weight to the State agency consultants' opinions, rejecting their opinion that Plaintiff's concentration, persistence, or pace would occasionally wane, or that her conditions would interfere with her attendance. AR at 560 (referencing *id*. at 121, 137). The ALJ found that these limitations were inconsistent with Plaintiff's "ability to work, in spite of her

longstanding conditions, for many years. As noted her last job at Boeing ended for non-medical reasons." *Id.* at 560.

Plaintiff contends that, contrary to the ALJ's finding, "her impairments [were] one of the major factors in leaving Boeing." (Dkt. # 13 at 15.) The record contains substantial evidence, however, indicating that Plaintiff was laid off for non-medical reasons, such as because she failed to follow leave policies or because she was considered surplus. *See* AR at 251, 376, 842. Her recent statement that she was laid off both because she was surplus and because she had problems getting along with co-workers (*id.* at 771) does not deprive the ALJ's finding from the support of substantial evidence. Although Plaintiff points to her statements to Dr. Kenderdine that she was terminated from Boeing after arguing/fighting with a customer (*id.* at 1473), this does not corroborate her claim of having problems getting along with co-workers. Dr. Nguyen didstate that Plaintiff's last job ended due to problems with co-workers, but again, this statement is contradicted by Plaintiff's 2012 statement that she was laid off for violating the leave policy. *Id.* at 842-43. In that same 2012 statement, Plaintiff speculated that her termination could have been influenced by a conflict she had with a customer, who then complained to her manager, but Plaintiff emphasized that this is only speculation. *Id.* at 843. The ALJ's interpretation of the evidence is reasonable, particularly because Plaintiff's 2012 statement was made within a couple of weeks of her termination, and supported by substantial evidence, and therefore Plaintiff has not shown that the ALJ erred in discounting the State agency opinions in accordance with that interpretation.

**C.  Plaintiff has Not Established Error With Respect to Her Declaration in Lieu of Hearing Testimony**

Plaintiff waived her right to testify at her hearing on remand, and instead filed a written declaration. AR at 769-772. The ALJ referenced Plaintiff's declaration at the beginning of his

longstanding conditions, for many years. As noted her last job at Boeing ended for non-medical reasons." *Id.* at 560.

Plaintiff contends that, contrary to the ALJ's finding, "her impairments [were] one of the major factors in leaving Boeing." (Dkt. # 13 at 15.) The record contains substantial evidence, however, indicating that Plaintiff was laid off for non-medical reasons, such as because she failed to follow leave policies or because she was considered surplus. *See* AR at 251, 376, 842. Her recent statement that she was laid off both because she was surplus and because she had problems getting along with co-workers (*id.* at 771) does not deprive the ALJ's finding from the support of substantial evidence. Although Plaintiff points to her statements to Dr. Kenderdine that she was terminated from Boeing after arguing/fighting with a customer (*id.* at 1473), this does not corroborate her claim of having problems getting along with co-workers. Dr. Nguyen didstate that Plaintiff's last job ended due to problems with co-workers, but again, this statement is contradicted by Plaintiff's 2012 statement that she was laid off for violating the leave policy. *Id.* at 842-43. In that same 2012 statement, Plaintiff speculated that her termination could have been influenced by a conflict she had with a customer, who then complained to her manager, but Plaintiff emphasized that this is only speculation. *Id.* at 843. The ALJ's interpretation of the evidence is reasonable, particularly because Plaintiff's 2012 statement was made within a couple of weeks of her termination, and supported by substantial evidence, and therefore Plaintiff has not shown that the ALJ erred in discounting the State agency opinions in accordance with that interpretation.

**C.  Plaintiff has Not Established Error With Respect to Her Declaration in Lieu of Hearing Testimony**

Plaintiff waived her right to testify at her hearing on remand, and instead filed a written declaration. AR at 769-772. The ALJ referenced Plaintiff's declaration at the beginning of his

decision (*id*. at 544), a fact which neither party acknowledges in their briefing. The ALJ did not specifically refer to Plaintiff's statements later in the decision, however. Plaintiff argues that the ALJ erred in overlooking her declaration and failing to explain why he discounted it.

The Court disagrees. The ALJ did not overlook Plaintiff's declaration because the ALJ referenced it in his decision. AR at 544. Although Plaintiff provided further explanation as to some of her activities in her written declaration, to clarify the ALJ's findings from the previous decision, none of the ALJ's findings in the current decision are necessarily inconsistent with Plaintiff's written statement. For example, Plaintiff clarified that she only hunted mushrooms 2-3 times in 2018, down from 10 times in 2015-16. *Id*. at 770. She also explained that her art activities were only sporadic, for 15-30 minutes at a time. *Id*. at 770-71.

Even when Plaintiff's written clarifications are considered, the ALJ reasonably found that Plaintiff's description of limitations were nonetheless inconsistent with the activities Plaintiff described. For example, Plaintiff claimed her hand pain and numbness was so severe that it was too painful to feed herself (using a knife) or change her clothes (AR at 281), which is inconsistent with the ability to paint for 30 minutes or hunt for mushrooms. *Id*. at 770-71. The ALJ did not err in finding that Plaintiff's alleged hand limitations were inconsistent with any ability to complete the activities she described, despite the clarifications she made in her written declaration. *Id*. at 551-52 ("It seems somewhat inconceivable that someone with the manipulative limitations she describes would have any ability to engage in such activities.").

Also, even though Plaintiff stated in her declaration that she was terminated from her last job both because she was surplus and because she had problems getting along with co-workers, the ALJ nonetheless pointed to other places in the record where Plaintiff explained her termination only in terms of non-impairment reasons. AR at 551 (citing *id*. at 251, 376). As

explained earlier, the ALJ's finding that Plaintiff's termination was due to reasons other than her impairments is a reasonable interpretation of the record and supported by substantial evidence. Plaintiff has not shown that the ALJ was obligated to credit her declaration in lieu of testimony, particularly because the ALJ provided numerous reasons to discount Plaintiff's subjective reporting, many of which are not challenged or even mentioned in Plaintiff's briefing. *See* AR at 551-57 (ALJ's discussion of Plaintiff's allegations and the reasons why he discounted them).

### V. CONCLUSION

For the foregoing reasons, the Commissioner's final decision is **AFFIRMED** and this case is **DISMISSED** with prejudice.

Dated this 23rd day of March, 2020.

MICHELLE L. PETERSON
United States Magistrate Judge